1    Christopher A. Carr (#44444)
      ccarr@afrct.com
2    ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
3    199 S. Los Robles Avenue, Suite 600
4    Pasadena, California 91101-2459
      Tel: (626) 535-1900
5    Fax: (626) 577-7764

6    Attorneys for Defendants
7    WELLS FARGO BANK, N.A. (sued as "Wells
      Fargo Bank Home Mortgage") and WACHOVIA
8    MANAGEMENT CORPORATION (collectively
      "Wells Fargo")

**FILED**

2010 AUG 25  AM 11: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12                '10 CV 1774 BEN     WVG

| | |
|---|---|
| 13   LUIS F. RODRIGUEZ, an individual; | CASE NO.: |
| 14         Plaintiff, | |
| 15    vs. | NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A. PURSUANT TO 28 U.S.C. §1332 |
| 16 | |
| 17   WELLS FARGO BANK HOME MORTGAGE, a division of WELLS FARGO BANK, N.A., a foreign corporation licensed to do business in California; WACHOVIA MANAGEMENT CORPORATION, a foreign Corporation authorized to do business in California and DOES 1 through 20 inclusive, | [DIVERSITY JURISDICTION |
| 21        Defendants. | |

22       TO PLAINTIFF AND HIS COUNSEL OF RECORD, THE CLERK OF THE ABOVE-

23 ENTITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS

24 ASSIGNED:

25       PLEASE TAKE NOTICE that defendants Wells Fargo Bank, N.A. (sued as "Wells Fargo

26 Bank Home Mortgage") and Wachovia Management Corporation (collectively "Wells Fargo"),

27 hereby provide Notice of Removal on the grounds of diversity of citizenship, pursuant to 28

28

ORIGINAL

1    U.S.C. §1332, *et seq.* and hereby remove to this Court the state court action described below.

2         1.     JURISDICTION. Diversity of Citizenship. This court has jurisdiction of this case

3    under 28 U.S.C. §1332 because the citizenship of the parties is entirely diverse.

4         2.     Plaintiff is a citizen of California based on domicile, as he alleges residency in San

5    Diego County. (Comp. ¶ 1). *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991)

6    (residence and property ownership a factor in domicile for diversity jurisdiction); *State Farm*

7    *Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the

8    equivalent of citizenship, but the place of residence is prima facie the domicile.")].

9         3.     Defendant Wells Fargo Bank, N.A. is a citizen of South Dakota where its main

10   headquarters are located. *See Wachovia Bank v. Schmidt* (2006) 546 US 303, 306-307

11   (citizenship of a national association). Attached as <u>Exhibit C</u> is a FDIC Profile for Wells

12   Fargo Bank, N.A. that evidences that its main office is located in Sioux Falls, South Dakota.

13        4.     Defendant Wachovia Management Corporation is a citizen of Colorado, as it is

14   headquartered in Denver, Colorado, and it is incorporated in Florida. Attached as <u>Exhibit D</u> is

15   information from the Colorado Secretary of State website that evidence these facts.

16        Therefore, the citizenship of the parties is diverse.

17        5.     AMOUNT IN CONTROVERSY. Plaintiff's complaint clearly pleads an

18   amount in controversy exceeding $75,000. In his complaint, plaintiff states that "In August

19   2007 [Plaintiff] refinanced with two separate loans from American Mortgage Network

20   Incorporated in the amount of $500,000 and $43,750." (Comp. ¶8). Additionally, plaintiff

21   seeks to enjoin the foreclosure sale as well as compensatory and punitive damages according

22   to proof; and for any further relief as the Court may deem just and proper. (Comp. Prayer ¶¶ 1

23   – 9).

24        Accordingly, plaintiff's pleas and prayers collectively exceed the $75,000 amount in

25   controversy threshold.

26        Generally, "[t]he amount in controversy is determined from the allegations or prayer of

27   the complaint." Schwarzer, *Fed. Civ. Proc. Before Trial*, *supra*, ¶ 2:450 (citing *St. Paul*

28   *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to

1    recover an amount adequate to give the court jurisdiction does not oust the court of

2    jurisdiction).  Also, the value of the gain to plaintiffs or the loss to defendants establishes the

3    jurisdictional amount in controversy.  *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264

4    F.3d 952, 958 (9th Cir. 2001).  More particularly, the value of the contract right to be won or

5    lost is a standard way to determine the amount in controversy.  *Horton v. Liberty Mut. Ins.*

6    *Co.*, 367 U.S. 348, 353-354 (1961).   In this case, the value of the subject property exceeds the

7    $75,000 threshold amount many times over.

8         6.       On July 26, 2010, Wells Fargo received, by personal service, a copy of the

9    summons and complaint in Case No. 37-2010-00094830-CU-BC-CTL, entitled as captioned

10   above and filed on June 23, 2010 in the San Diego County Superior Court (the "State Court

11   Action").  Wells Fargo did not appear in the state court action.  A copy of the complaint that

12   plaintiff served on Wells Fargo in the State Court Action is attached as Exhibit A.   Attached

13   as Exhibit B are all other papers in Wells Fargo's possession from the State Court Action.

14        7.       This Notice is timely because it is within 30 days of plaintiff's service of

15   process on defendant Wells Fargo, via personal service.  To Wells Fargo's knowledge, neither

16   co-defendant Wachovia Management Corporation nor the Doe defendants have been served;

17   no joinder of any unserved defendants is required to perfect removal of the State Court

18   Action.  *Salveson v. Western States Bankcard Ass'n.*, 731. F.2d 1423, 1429 (9th Cir. 1984).

19        8.       Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its attachments will

20   promptly be served on plaintiff's counsel and notice thereof will be filed with the clerk of the

21   Superior Court of California for the County of San Diego.

22        9.       Pursuant to 28 U.S.C. § 1446(a), Wells Fargo files this Notice in the District

23   Court of the United States for the district in which the State Court Action is pending, and in

24   the division of the District Court as provided by Local Rules.

25   / / /

26   / / /

27   / / /

28   / / /

1    WHEREFORE, Wells Fargo hereby removes the case from the Superior Court of

2   California for the County of San Diego to the United States District Court of California,

3   Southern District.

4

5                                                    Respectfully submitted,

6   Dated:  August 24, 2010                          ANGLIN, FLEWELLING, RASMUSSEN,
                                                      CAMPBELL & TRYTTEN LLP
7
                                                      By: _____
8                                                          Christopher A. Carr
                                                           ccarr@afrct.com
9                                                     Attorneys for Defendant
                                                      WELLS FARGO BANK, N.A. (sued as "Wells
10                                                    Fargo Bank Home Mortgage") and WACHOVIA
                                                      MANAGEMENT CORPORATION, a division of
11                                                    Wells Fargo Bank, N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1  *STEVEN W. HASKINS (State Bar No. 145395)*
   *JESSE T. FARRIS (State Bar No. 250864)*
2  **HASKINS & ASSOCIATES, APC**
   4045 BONITA ROAD, SUITE 206
3  BONITA, CALIFORNIA 91902-1336
   TEL: (619) 479-4351
4  FAX: (619) 479-0337

5

6  Attorneys for Plaintiff Luis F. Rodriguez

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SAN DIEGO, HALL OF JUSTICE

10

11  LUIS F. RODRIGUEZ, an individual,      )  Case No.   37-2010-00094830-CU-BC-CTL
                                           )
12             Plaintiffs                  )  **COMPLAINT FOR BREACH OF**
                                           )  **CONTRACT; FRAUD; NEGLIGENT**
13       v.                                )  **MISREPRESENTATION;**
                                           )  **UNLAWFUL BUSINESS PRACTICES**
14  WELLS FARGO HOME MORTGAGE, a           )  **[Business and Professions Code § 17200**
    division of WELLS FARGO BANK N.A., a   )  **et seq.]**
15  foreign corporation licensed to do business in )
    in California; WACHOVIA               )
16  MANAGEMENT CORPORATION, a              )
    foreign Corporation authorized to do  )
17  business in California and DOES 1 through )
    20 inclusive,                          )
18                                         )
               Defendants.                 )
19  _____

20  Plaintiff alleges that at all times relevant hereto:

21       1.      Plaintiff Luis F. Rodriguez (hereinafter "Plaintiff") is an individual residing in the

22  County of San Diego, California.

23       2.      Defendant WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO

24  BANK N.A., a foreign corporation licensed to do business in California (hereinafter "Wells Fargo")

25  is legally chartered in Sioux Falls South Dakota with its corporate headquarters in San Francisco

26  California.  Under information and belief, Wells Fargo's agent for service of process is located at

27  2730 Gateway Oaks Dr., Ste. 100, Sacramento CA 95833.

28

                                    1

EXHIBIT A - Page 4
to Notice of Removal

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2010 JUN 23  P 2: 29

SAN DIEGO COUNTY, CA

3.   Defendant WACHOVIA MANAGEMENT CORPORATION (hereinafter "Wachovia") is a wholly owned subsidiary of Wells Fargo Bank N.A. Wachovia is incorporated in Delaware and authorized to do business, and does conduct business, in California. Under information and belief, Wachovia's agent for service of process is located at 2730 Gateway Oaks Dr., Ste. 100, Sacramento CA 95833.

4.   Jurisdiction and venue are proper for the San Diego Superior Court because the Defendants do business in San Diego County, because the real property which is the subject matter of this action is located in the San Diego County; because the contract that is the subject of this action was entered into in San Diego County.

5.   The true names and capacities, whether individual, corporate or otherwise, of defendants DOES 1 through 20, are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is in some manner legally responsible for the events and happenings herein referred to and proximately caused the injuries and damages to Plaintiff as herein alleged.

6.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was the agent and employee of each other Defendant and, in doing the things hereinafter alleged, was acting in the scope of said agency and employment and with the permission and consent of each Defendant, and each Defendant ratified the acts of each other Defendant.

7.   Plaintiff is the owner of certain real property located 974 Strawberry Creek St., Chula Vista, California, 91913. This is the personal residence of the Plaintiff.

8.   The Plaintiff financed the purchase of his home with a promissory note and deed of trust recorded in January 2005 which was held by World Savings Bank. In August 2007 Plaintiff refinanced with two separate loans from American Mortgage Network Incorporated in the amount of $500,000.00 and $43,750.00. Ultimately, the loan was assigned to Wachovia which merged into and is now a wholly owned subsidiary of Wells Fargo Bank N.A.

2

EXHIBIT A - Page 5
to Notice of Removal

9.      Plaintiff became interested in modifying the loan in January 2009 and pursuant to this desire engaged in modification negotiations regarding the loan with Wachovia. In 2009 Wachovia transferred the subject loan to Wells Fargo and Wells Fargo resumed modification negotiations with the Plaintiff.

10.     On or about May 21, 2010 Wells Fargo sent Plaintiff a letter regarding the loans on the subject property. The letter is addressed to the Plaintiff and states:

> "You are approved to enter into a trial period plan under the Home Affordable Modification Program... To accept this offer, you must made new monthly "trial period payments..."

Attached hereto as Exhibit "A" is a true and correct copy of the March 21, 2010 letter send from Wells Fargo.

11.     Plaintiff accepted the offer and on May 21, 2010 Wells Fargo sent Plaintiff a confirming letter. Attached hereto as Exhibit "B" is a true and correct copy of the March 21, 2010 confirming letter.

12.     In the confirming letter Wells Fargo states:

> "By entering into a Home Affordable Modification Trial period Plan you have taken the first step toward making your payment more affordable. We want to remind you that when you signed your Trial Period Plan, you agreed to work with a HUD-approved housing counselor agency."

13.     On May 28, 2010 Plaintiff sent a cashier's check to Wells Fargo Home Mortgage in the amount requested in the March 21, 2010 letter.

14.     On June 8, 2010 Wells Fargo informed Plaintiff in writing that the loan was in foreclosure. In fact, the home had been sold by Wells Fargo at trustee's sale and the Trustee's Deed executed in favor of the beneficiary Wachovia on May 26, 2010.

15.     On June 14, 2010 Plaintiff received a letter captioned NOTICE TO VACATE from counsel for Wachovia Mortgage Corporation. The letter explained that the property had been sold at a foreclosure sale under a power of sale contained in the deed of trust securing the property.

16.     Prior to receiving the NOTICE TO VACATE, Plaintiff had received no notice, written or otherwise, indicating that Wells Fargo would sell or had sold the house at a trustees

3

1 | sale and the Trustee's Deed executed in favor of the beneficiary Wachovia on May 26, 2010.

2 | <center>**FIRST CAUSE OF ACTION**</center>

3 | <center>**BREACH OF CONTRACT**</center>

4 | <center>**(Against Wells Fargo)**</center>

5 |     17.    Plaintiff incorporates by this reference each and all of the allegations contained in

6 | each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

7 |     18.    Plaintiff and Defendant engaged in months of negotiations prior to Defendant's

8 | May 21, 2010 offer.

9 |     19.    The Plaintiff accepted the offer, Defendant confirmed Plaintiff's acceptance of the

10 | offer and Plaintiff sent in the first payment requested by Defendants on May 28, 2010.

11 |     20.    The Plaintiff fulfilled each and every term of the agreement by providing the

12 | documentation and payment requested in a timely manner.

13 |     21.    The Defendant breached this agreement by failing to provide Plaintiff with a

14 | Home Affordable Modification Trial period Plan and executing a Trustee's Deed in favor of the

15 | beneficiary Wachovia on May 26, 2010.

16 |     22.    The actions of Defendant in this beach caused the Plaintiff damages.

17 |     23.    The Plaintiff has been damaged in that he has lost title to the Property.

18 | Additionally, Defendant has initiated eviction proceedings to remove Plaintiff from his home.  If

19 | Plaintiff is evicted, he will have lost the use and enjoyment of the Property and will have incurred

20 | damages in procuring an alternative dwelling in an amount to be proven at trial.

21 | <center>**SECOND CAUSE OF ACTION**</center>

22 | <center>**FRAUD**</center>

23 | <center>**(Against Wells Fargo)**</center>

24 |     24.    Plaintiff incorporates by this reference each and all of the allegations contained in

25 | each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

26 |     25.    The Defendant Wells Fargo made the following material misrepresentations to the

27 | Plaintiff in the May 21, 2010 letters states:

28 |

<center>4</center>

<div align="right">EXHIBIT A - Page 7<br>to Notice of Removal</div>

<center>COMPLAINT FOR DAMAGES AND OTHER EQUITABLE RELIEF</center>

- **"Congratulations!** You are approved to enter into a trial period plan under the Home Affordable Modification Program..."

- " You did it! By entering into a Home Affordable Modification Trial period Plan you have taken the first step toward making your payment more affordable. We want to remind you that when you signed your Trial Period Plan, you agreed to work with a HUD-approved housing counselor agency."

26.   The Defendant Wells Fargo also represented that if Plaintiff accepted the offer and made the trial period payments that Plaintiff's mortgage would be permanently modified.

27.   The representations made by Defendant was in fact false. The true facts were that the Defendant intended to sell the property at trustee sale without notifying Plaintiff and executed the Trustee's Deed in favor of the beneficiary Wachovia five (5) days later. Wells Fargo and had no intention of modifying Plaintiff's mortgage or offering Plaintiff the Home Affordable Modification Program.

28.   When the Defendant made these representations it knew them to be false and made these representations with the intention to deceive and defraud the Plaintiff to induce the Plaintiff to act in reliance on these representations in the manner hereafter alleged or with the expectation that they would so act.

29.   The Plaintiff was ignorant of the falsity of these representations. In reliance on these representations Plaintiff was induced to make payment to Defendant and provide various documentation.

30.   In reliance on these representations, Plaintiff also ceased all efforts that he was involved in to stall and prevent foreclosure. Plaintiff's reliance on the representations kept him from seeking alternative financing including a re-finance with another lender, liquidating personal assets or taking any other action including, but not limited to, any legal recourse available to him to bring the loan current, or keep the house from being foreclosed on.

31.   As a result of terminating all of his efforts to bring the loan current and/or prevent foreclosure, Plaintiff's property was foreclosed on and sold back to the beneficiary Wachovia. Defendant's fraudulent conduct in inducing the Plaintiff to terminate his efforts to avoid foreclosure or protect the Plaintiff's equity in the property caused Plaintiff to lose his home and all equity in the

5

1    home and Plaintiff has been damaged in an amount to be proven at trial.

2         32.    Defendant's conduct was despicable and fraudulent and subjected Plaintiff to cruel

3    and unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of exemplary

4    and punitive damages.

5                              **THIRD CAUSE OF ACTION**

6                          **NEGLIGENT MISREPRESENTATION**

7                                 **(Against Wells Fargo)**

8         33.    Plaintiff incorporates by this reference each and all of the allegations contained in

9    each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

10        34.    When Defendant made the representations, it either did not believe the

11   representations to be true or had no reasonable grounds for believing them to be true.

12        35.    The Plaintiff was ignorant of the falsity of these representations.  In reliance on

13   these representations, Plaintiff was induced to and did make payments and provide documents

14   requested, terminated efforts to keep the home from being foreclosed on and/or to protect the

15   equity that Plaintiff had in the property.

16        36.    In reliance on these representations, Plaintiff also ceased all efforts that he was

17   involved in to bring the loan current and prevent foreclosure. Plaintiff's reliance on the

18   representations kept him from seeking alternative financing including a re-finance with another

19   lender,  liquidating personal assets or taking any other action including but not limited to any

20   legal recourse available to him to bring his loan current or keep the house from being foreclosed

21   on or to protect the equity that Plaintiff had in the home.

22        37.    As a result of terminating all of his efforts to bring his loan current and/or prevent

23   foreclosure, Plaintiff's property was foreclosed on and a Trustee's Deed was executed in favor of

24   the beneficiary Wachovia. Defendant's fraudulent conduct in inducing the Plaintiff to terminate

25   his efforts to avoid foreclosure and protect the equity he had in his home caused Plaintiff to lose

26   his  home and the equity in it. Plaintiff has been damaged in an amount to be proven at trial.

27        38.    As a result of the Defendant's fraudulent conduct, Plaintiff has been damaged in

28   an amount to be proven at trial.

6

## FOURTH CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICES

### (Against Wells Fargo)

39.     Plaintiff incorporates by this reference each and all of the allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

40.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has been engaged in, and continues to engage in, numerous acts and/or a pattern and practice of unfair competition within the State of California in violation of Business and Professions Code § 17200 et seq., proscribing deceptive business practices. Defendant Wells Fargo undertook the unfair and fraudulent business practices in their dealing with the Plaintiff by breaching their contract with Plaintiff and by making the following material misrepresentations to the Plaintiff in the May 21, 2010 letters:

- **"Congratulations!** You are approved to enter into a trial period plan under the Home Affordable Modification Program..."

- " You did it! By entering into a Home Affordable Modification Trial period Plan you have taken the first step toward making your payment more affordable. We want to remind you that when you signed your Trial Period Plan, you agreed to work with a HUD-approved housing counselor agency."

41.     The Defendant Wells Fargo also represented that if Plaintiff accepted the offer and made the trial period payments that Plaintiff's mortgage would be permanently modified.

42.     The above-described unlawful, unfair, negligent and fraudulent business practices are an ongoing threat of injury to Plaintiff and the general public. Plaintiff and the general public continue to be financially harmed by such conduct and, unless restrained, Defendants will continue to engage in such conduct.

43.     Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to an order of this Court enjoining Defendants from continuing to engage in unfair competition, as defined in Business and Professions Code § 17200, in the State of California. Plaintiff and the general public will be irreparably harmed if such an order is not granted.

44.     Defendant has been unjustly enriched at the expense of the Plaintiff who therefore is entitled to equitable restitution and disgorgement of profits realized by Defendant.

EXHIBIT A - Page 10
to Notice of Removal

45.    .Moreover, because Plaintiff brings this action on behalf of himself and on behalf of the general public, he is entitled to reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

<div align="center"><u>PRAYER FOR RELIEF</u></div>

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1) For incidental damages according to proof;

2) For compensatory damages according to proof;

3) For punitive damages according to proof;

4) For an order enjoining all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendant, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (1) that Defendant does not initiate Trustee's Sales prior to the time agreed upon with consumers; and (2) that Defendant honors its agreements regarding loan modifications.

5) For an order requiring Defendant to show cause, if any it has, why they should not be enjoined, as hereinafter set forth, during the pendency of this action;

6) For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant, and its agents, servants, and employees, and all persons acting under, in concert with, or for it from continuing any eviction or unlawful detainer proceedings or any other action to deny Plaintiff possession of the Property.

7) For attorneys' fees according to proof;

8) Costs and disbursements of this action; and

9) For such other and further relief as Court may deem just and proper.

Dated: _6-18-10_

HASKINS & ASSOCIATES APC

By: _____
Steve W. Haskins
Attorneys for Plaintiff

<div align="center">8</div>

EXHIBIT A - Page 11
to Notice of Removal

<div align="center">COMPLAINT FOR DAMAGES AND OTHER EQUITABLE RELIEF</div>

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** Wells Fargo Home Mortgage, a
*(AVISO AL DEMANDADO):* division of Wells Fargo Bank
N.A., a foreign corporation licensed to do business
in California; Wachovia Management Corporation
authorized to do business in California

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2010 JUN 23 P 2: 29

COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:** Luis F. Rodriquez
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court Of The State Of California
330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2010-00094830-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven W. Haskins, Esq. (SBN:145395)       (619) 479-4351  (619) 479-0337
Jesse T. Farris, Esq. (SBN:250864)
HASKINS & ASSOCIATES, APC
Bonita, CA 91902-1336

DATE:
*(Fecha)*  JUN 23 2010

Clerk, by _____ LINDA SPENCE _____, Deputy
(Secretario)                                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Wells Fargo Home Mortgage, a division of Wells Fargo Bank N.A., a foreign corporation licensed to do business in California

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465
EXHIBIT B - Page 12
to Notice of Removal

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven W. Haskins, Esq. (SBN:145395)<br>Jesse T. Farris, Esq. (SBN:250864)<br>HASKINS & ASSOCIATES, APC<br>4045 Bonita Road, Suite 206<br>Bonita, CA  91902-1336<br>TELEPHONE NO.: (619) 479-4351  FAX NO.: (619) 479-0337<br>ATTORNEY FOR (Name): Luis F. Rodriguez | FILED<br>CIVIL BUSINESS OFFICE 13<br>CENTRAL DIVISION<br><br>2010 JUN 23  P 2: 29<br><br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:  Rodriquez vs. Wells Fargo

| CIVIL CASE COVER SHEET<br>[x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25.000)  $25.000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2010-00094830-CU-BC-CTL<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Four(4)Breach of Contract, Fraud, Negligent Misrepresentation, et al.
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 6-21-10
Steven W. Haskins, Esq. (SBN:145395)
_____(TYPE OR PRINT NAME)_____    ▶   _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>EXHIBIT B - Page 13<br>to Notice of Removal. |
|---|---|---|---|

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

EXHIBIT B - Page 14
to Notice of Removal

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY AND ZIP CODE:  San Diego, CA 92101<br>BRANCH NAME:  Central<br>TELEPHONE NUMBER:  (619) 450-7067 | |
| **PLAINTIFF(S) / PETITIONER(S):**      LUIS F RODRIGUEZ | |
| **DEFENDANT(S) / RESPONDENT(S):** WELLS FARGO HOME MORTGAGE et.al. | |
| RODRIGUEZ VS. WELLS FARGO HOME MORTGAGE | |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2010-00094830-CU-BC-CTL |
|---|---|

Judge:  David B. Oberholtzer                                   Department: C-67

**COMPLAINT/PETITION FILED:** 06/23/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

EXHIBIT B - Page 15
to Notice of Removal

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00094830-CU-BC-CTL      CASE TITLE: RODRIGUEZ vs. WELLS FARGO HOME MORTGAGE

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

 1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

 2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

1

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

EXHIBIT B - Page 17
to Notice of Removal

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): LUIS F RODRIGUEZ |
|---|
| DEFENDANT(S): WELLS FARGO HOME MORTGAGE et.al. |
| SHORT TITLE: RODRIGUEZ VS. WELLS FARGO HOME MORTGAGE |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2010-00094830-CU-BC-CTL |
|---|---|

Judge: David B. Oberholtzer                                  Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____


_____                 _____
Name of Plaintiff                                Name of Defendant


_____                 _____
Signature                                        Signature


_____                 _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney


_____                 _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 06/23/2010                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC Civ-359 (Rev 01-07)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

3

EXHIBIT B - Page 18
to Notice of Removal

EXHIBIT C

FDIC: Bank Find                              FDIC: Bank Find              http://www2.fdic.gov/idasp/main_bankfind.asp

Each depositor insured to at least $250,000 per insured bank

Advanced Search

## Bank Find

Institution Directory Home

Back to Search Bank Find

## Your Bank at a Glance

**Wells Fargo Bank, National Association** (FDIC Cert: 3511) is FDIC Insured.

**Wells Fargo Bank, National Association** has been FDIC insured since **January 1, 1934.**
It was established on January 1, 1870.
Its main office (headquarters) is located at:
    101 N. Phillips Avenue
    Sioux Falls, South Dakota 57104
    County of Minnehaha

Wells Fargo Bank, National Association has 6641 Domestic Branches (Offices) located in 41 state(s) and 37 Foreign
Offices. (Check to locate Branches (Offices) by state.)

Wells Fargo Bank, National Association's reported (or primary) website: http://www.wellsfargo.com:80/

Wells Fargo Bank, National Association is chartered as a National Bank. Therefore the primary regulator is the Office
of the Comptroller of the Currency (OCC). For consumer assistance regarding an issue with this institution, please
contact the OCC directly using http://www.helpwithmybank.gov/.

Calculate your FDIC Insurance coverage at Wells Fargo Bank, National Association using FDIC EDIE at www.fdic.gov/edie.
Last financial information available about Wells Fargo Bank, National Association.
Historical profile of Wells Fargo Bank, National Association.

For additional information please click on one of the following:
1. For more information on Federal Deposit Insurance, Your Insured Deposits or Insured or Not Insured
2. View the industry's overall picture - Statistics at a Glance
   (This will open a new window.)
3. Current Financial data about your bank - Institution Directory – Two years Financial Report
   (This will open a new window.)
4. Examine your bank's financial data - CALL/TFR Financial Information *6/30/2010 Latest Available*
5. Study branching and deposit market share - Summary of Deposits/Market Share
6. Analyze and compare individual institutions and create custom reports - Institution Directory – Compare
7. Review industry using 8 predefined reports - Statistics on Depository Institutions
8. Identify the latest performance trends in your state - Quarterly Banking Profile State Tables
   (This will open a new window.)
9. Analyze institutions and custom peer groups - Statistics on Depository Institutions
10. View branch office deposit information - Summary of Deposits
11. Community Reinvestment Act (CRA) Performance Ratings - CRA Performance Ratings
12. FDIC's Disclaimer - FDIC's Disclaimer

Questions, Suggestions & Requests

Home | Contact Us | Search | Help | SiteMap | Forms

Freedom of Information Act (FOIA) Service Center | Website Policies | USA.gov | FDIC Office of Inspector General

FDIC Open Government Webpage | No FEAR Act Data

EXHIBIT C - Page 19
to Notice of Removal

8/23/2010 2:13 PM

Colorado Secretary of State - Summary          Colorado Secretary of State - Summary          http://www.sos.state.co.us/biz/BusinessEnti...

   

Home   |   Business   |   Elections   |   Licensing                    Press  |  About Us |  Contact Us

**For this Record...**
History & Documents
View Trade Names
Cert of Good Standing
File a Document
Subscribe Email
Notification
Unsubscribe Email
Notification

**Business Home**
**Business Information**
**Business Search**

**FAQs, Glossary and
Information**

# Summary

| | |
|---|---|
| ID Number: | 19981086947 |
| Name: | Wachovia Management Corportion |

| | |
|---|---|
| Registered Agent: | CORPORATION SERVICE COMPANY |
| Registered Agent Street Address: | 1560 Broadway Ste 2090, Denver, CO 80202, United States |
| Registered Agent Mailing Address: | |

| | |
|---|---|
| Principal Street Address: | 7125 W. Jefferson Ave., Suite 200, Lakewood, CO 80235, United States |
| Principal Mailing Address: | 7125 W. Jefferson Ave, Suite 200, Lakewood, CO 80235, United States |

| | |
|---|---|
| Status: | Good Standing |
| Form: | Foreign Corporation |
| Jurisdiction: | California |
| Formation Date: | 05/11/1998 |
| Term of Duration: | Perpetual |
| Periodic Report Month: | May |

You may:

- View History and Documents
- View Trade Names
- Obtain Certificate of Good Standing
- File a Document
- Subscribe to E-mail Notification Regarding this Record
- Unsubscribe from E-mail Notification Regarding this Record

Previous Page     |

Search  |  Accessibility  |  Privacy statement  |  Terms of use              1700 Broadway, Denver CO 80290  |  303-894-2200  |  sos.business@sos.state.co.us

EXHIBIT D - Page 20
to Notice of Removal

1

### CERTIFICATE OF SERVICE

2

3      I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

4

5      On the date below I served a copy of the following document described as:

6

### NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A. PURSUANT TO 28 U.S.C. §1332 -- [DIVERSITY JURISDICTION

7

8      on all interested parties in said case addressed as follows:

9      Served Electronically via Court's CM/ECF System:

10                              **Served By Other Means:**

11                              Steven W. Haskins
                                Jesse T. Farris
12                              Haskins & Associates, APC
                                4045 Bonita Road, Suite 206
13                              Bonita, California 91902-1336

14

15                   *Telephone: 619.479.4351 / Facsimile: 619.479.0337*

16     ☒      **BY MAIL:**  By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing

17     correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service

18     in Pasadena, California, in sealed envelopes with postage fully thereon.

19     ☒      **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of

20     America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is

21     executed in Pasadena, California, on **August 24, 2010**

22

23     ___Helene Saller___                    _____
             (Print name)                              (Signature)

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the city of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below I served a copy of the following document described as:

### CIVIL COVER SHEET

on all interested parties in said case addressed as follows:

Served Electronically via Court's CM/ECF System:

### Served By Other Means:

Steven W. Haskins
Jesse T. Farris
Haskins & Associates, APC
4045 Bonita Road, Suite 206
Bonita, California 91902-1336

*Telephone: 619.479.4351 / Facsimile: 619.479.0337*

☒   **BY MAIL:**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

☒   **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  This declaration is executed in Pasadena, California, on **August 24, 2010**

   Helene Saller
     (Print name)

           (Signature)

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Luis F. Rodriguez | Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.; Wachovia Management Corporation |

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven W. Haskins; Jesse Farris; Haskins & Associates
4045 Bonita Road, Suite 206, Bonita, CA 91902 / Tel: 619.479.4351

Attorneys (If Known)
Christopher A. Carr; Anglin, Flewelling, et al.
199 S. Los Robles Ave., Suite 600, Pasadena, CA 91101/Tel 626.535-1900

'10 CV 1774 BEN   WVG

2010 AUG 25   AM 11: 27

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 U.S.C. section 1332, 1331

Brief description of cause:
wrongful foreclosure

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE  08/24/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  17321   AMOUNT $350   8/25/10 BH   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

ORIGINAL

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS017321
Cashier ID: bhartman
Transaction Date: 08/25/2010
Payer Name: ANGLIN FLEWELLING RASMUSSEN
----------------------------------
CIVIL FILING FEE
 For: RODRIGUEZ V WELLS FARGO HOME M
 Case/Party: D-CAS-3-10-CV-001774-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 15531
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```